MEMORANDUM **
Home Builders Association of Northern California, California Building Industry Assoeiation, and Building Industry Legal Defense Foundation (collectively “Home Builders”) appeal the district court’s order granting the United States Fish and Wildlife Service’s (“FWS”) and the Center for Biological Diversity’s (“the Center”) joint motion for summary judgment on the Home Builders’s action under the Administrative Procedure Act (“APA”) against the FWS. The Home Builders’s action challenged the FWS’s listing of the Central California tiger salamander as “threatened” under the Endangered Species Act (“ESA”).
The FWS adequately established a rational connection between the facts it found and its listing decision. The FWS made express findings based on the best available scientific data about future habitat loss and concluded, in its scientific judgment, that this future habitat loss made it likely that the Central California tiger salamander will become in danger of extinction throughout all or a significant portion of its range in the foreseeable future. The FWS is not required to state a threshold level of habitat loss that is necessary to find a species is threatened. See Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1081-82 (9th Cir.2006).[1] Thus, the district court did not err by granting the FWS’s and Center’s motion for summary judgment.
Because the FWS can list a species as threatened based on any one of the *706 five factors listed in 16 U.S.C. § 1533(a)(1), and the FWS correctly based its listing decision on 16 U.S.C. § 1533(a)(1)(A), this court need not reach whether the FWS erred by concluding the Central California tiger salamander is threatened based on Listing Factors C, D, and E as well.
Further, the FWS did not incorrectly rely on past habitat loss, but based its listing decision on future habitat loss. See Determination of Threatened Status for the California Tiger Salamander, 69 Fed. Reg. 47,212, 47,220, 47,229, 47,240 (Aug. 4, 2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The questions which Kern County claimed the ESA required FWS to answer properly to substantiate its ''endangered” conclusion are nearly identical to the claims made here by the Home Builders: ‘‘[T]he Final Rule ... does not explain how the Lake shrew's current range jeopardizes the subspecies.” Kern County Farm Bureau v. Badgley, No. CV. F 02-5376 AWI DLB, 2004 WL 5363604, at *14 (E.D.Cal. Jan. 12, 2004).
We rejected ‘‘Kern's attempt to mandate that FWS answer its particular questions before making a listing decision. FWS's discussion of the data and analysis of the extinction factors adequately satisfied its ESA requirements.” Allen, 450 F.3d at 1081. The same logic applies in the case at bar.